## No. 8.

### ADMINISTRATOR OF DICKINSON *against* DUTCHER. *Franklin*, 1817.

AN administrator may submit to arbitrators, a *personal* claim in favor of, or against the estate, without the consent of the Judge of Probate.

An offer to pay the sum awarded, together with the refusal of the adverse party to accept the money, without the approbation of the Judge of Probate, supercedes the necessity of a *legal* tender.

*CASE.* Plaintiff commenced his action of assumpsit, against the defendant, demanding, in the first count of his declaration, three hundred dollars, for labor, done by the intestate, prior to the 10th day of September, 1813.

2d Count. Quantum meruit for the same labor.

The defendant, after pleading the general issue, gave notice, that he should give in evidence, on the trial of said issue, that, after the decease of the said Strong Dickinson, on the 12th day of October, 1814, the said Orrin, administrator, as aforesaid, and the said Daniel Dutcher, submitted said dispute to Nathan Green, Freeborn Potter, and Jacob Allen, as arbitrators, to award on or before the 15th day of October, 1814 ; that said arbitrators, on the 13th day of October, 1814, did award, that the defendant should pay to the plaintiff twenty dollars, in full satisfaction and discharge of the plaintiff's demand, for the work and labor done by the intestate for defendant. On the trial, the defendant produced Nathan Green, one of the arbitrators, who testified that he, Freeborn Potter, and Jacob Allen, were chosen arbitrators, by the parties, the cause was submitted to them, and the parties agreed to abide their award ; that said arbitrators did make their award, in writing, and published

it to the parties, which award was, that the defendant pay to the plaintiff twenty dollars, due to said estate, for work and labor, done by said intestate, for the defendant ; that defendant appeared satisfied with the award, and said he would pay said sum of money to the plaintiff, and the plaintiff said he would accept said sum of money, if the Judge of Probate approved of the procedure, and *not without*.

The counsel for the plaintiff requested the Court to charge the Jury, that by the Statute of this State, an administrator could not submit a dispute, or matter of difference, relating to the estate on which he administers, except by the consent or approbation of the Judge of Probate, and that an award of arbitrators, in pursuance of a submission, not approved by the Judge of Probate, could not be binding on the administrator. The council for the plaintiff also requested the Court to charge the Jury, that the testimony of Green did not prove that the defendant had himself complied with the award of the arbitrators.

The Judge charged the Jury, that an administrator could submit to arbitrators, without the consent of the Judge of Probate, so as to bind himself; and, that the defendant's offer to pay the sum of money awarded, together with the refusal of the plaintiff to accept the money, without the consent of the Judge of Probate to the procedure, superceded the necessity of a farther tender.

Verdict for defendant, and motion for new trial by the plaintiff, founded on exceptions to the decisions of the Judge.

By the Court. An administrator, having the absolute control over all personal property, and claims, belonging to the estate, may submit any personal claim, concerning the estate, to arbitrators, without the consent of the Judge of Probate. The administrator may be liable for a devastavit, in case he makes an improper submission ; and the proceedings under the Statute are for the purpose of shielding him from any alledged devastavit.

The Statute does not confer any *additional* power on the ad-

O

ministrator, to dispose of, and control the debts, &c. of the estate, but provides a mode of settling certain disputes, concerning the estate, without litigation, and with safety to the administrator.

On the second point, the decision of the Judge is confirmed. New trial not granted.